Bruce W. Minsky, Esq.
Law Offices of Bruce Minsky, P.C.
112 Brick Church Road
New Hempstead, New York 10977
Phone: (646) 234-7006
*Attorneys for the Defendants* NEW YORK MOTOR GROUP, LLC and PLANET MOTOR CARS, INC.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ANWAR ALKHATIB,

                Plaintiff(s),                CASE NO.: 13-CIV-2337

       -against-                     **ANSWER**

NEW YORK MOTOR GROUP LLC, CAPITAL
ONE AUTO FINANCE, INC. and PLANET MOTOR
CARS, INC.

                Defendant(s).
-------------------------------------------------------------------X

**S I R S :**

      Defendants NEW YORK MOTOR GROUP LLC ("NYMG") and PLANET MOTOR

CARS, INC. ("Planet Motor") [NYMG and Planet Motor are hereinafter individually and

jointly referred to as "<u>Defendant</u>" and/or "<u>Defendants</u>"), by their attorneys, Law Offices of

Bruce W. Minsky, P.C., answers the Plaintiff ANWAR ALKHATIB's ("<u>Alkhatib</u>" and/or

"<u>Plaintiff</u>") Complaint ("<u>Complaint</u>") as follows:

INTRODUCTION

     1.     As to paragraph "1" of Plaintiff's Complaint, Defendants admits that Plaintiff

alleges that this action is brought 15 U.S.C. §1601 *et seq.*, the Truth In Lending Act ("<u>TIL</u>"),

New York General Business Laws §350, and New York State Usury Law, but denies that it

has violated any law and/or has breached any contract of tortious behavior, puts Plaintiff to

its strictest burden of proof thereof, and refers all questions of law to the Court.

2.      As to paragraph "2", admits that the Plaintiff's Complaint speaks for itself, but denies that it has violated any law, and/or has breached any contract of tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

## JURISDICTION AND VENUE

3.      As to paragraphs "3", "4", "5" and "6" of the Plaintiff's Complaint, Defendant refers all questions of law to the Court.

## THE PARTIES

4.      Denies having knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph "7" of the Plaintiff's Complaint.

5.      Admits the allegations contained in paragraphs "8" and "9" of the Plaintiff's Complaint.

6.      Denies having knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph "10" of the Plaintiff's Complaint.

7.      As to paragraph "11", Defendant admits that the Capital One Auto Finance, Inc. ("COAF") is the assignee of the Retail Installment Contract ("RIC") [as described in the Plaintiff's Complaint],  and Defendant refers all other questions of law to the Court.

## FACTS

8.      Denies having knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph "12 of the Plaintiff's Complaint.

9.      Admits the allegations contained in paragraphs "13" of the Plaintiff's Complaint.

10.      As to paragraph numbered "14", admits that the subject vehicle, without any additions,     insurances,     protections,     and/or     exclusive     of     other     revealed

charged/fees/expenses/taxes was advertised on the internet for an introductory price of $14,995.00, and denies the remaining allegations therein.

11.     Denies the allegations contained in paragraphs "15", "16", "17" and "18" of the Plaintiff's Complaint.

12.     Admits the allegations contained in paragraphs "19" and "20" of the Plaintiff's Complaint.

13.     Denies the allegations contained in paragraphs "21" and "22" of the Plaintiff's Complaint.

14.     As to paragraph "23" of the Plaintiff's Complaint, admits the Plaintiff returned the following day with cash "to complete the transaction", and denies the remaining allegation therein.

15.     Denies the allegations contained in paragraphs "24", "25", "26", "27", "28" and "29" of the Plaintiff's Complaint.

16.     Denies having knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph "30" of the Plaintiff's Complaint.

17.     Denies the allegations contained in paragraphs "31", "32", "33", "34", "35", "36", "37", "38" and "39" of the Plaintiff's Complaint.

18.     As to paragraphs "40", "41", "42" , "43 and "44" of the Plaintiff's Complaint, admits that the Retail Installment Contract ("RIC") [as described in the Plaintiff's Complaint] speaks for itself and denies the remaining allegations therein.

19.     Denies the allegations contained in paragraphs "45" of the Plaintiff's Complaint.

20.     As to paragraph "46" of the Plaintiff's Complaint, admits that documents/contract speak for itself and denies the remaining allegations therein.

21.     Denies the allegations contained in paragraphs "47", "48" and "49" of the Plaintiff's Complaint.

22.     Denies having knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph "50" of the Plaintiff's Complaint.

23.     As to paragraph "51", admits that Plaintiff was provided documentation for each/product and/or service contract purchased and contracted for by Plaintiff, and denies the remaining allegations therein.

24.     As to paragraphs "52" and "53' of the Plaintiff's Complaint, admits that documents/contract speak for itself and denies the remaining allegations therein.

25.     Admits the allegations contained in paragraph "54" of the Plaintiff's Complaint and admits that documents/contract speak for itself.

26.     Denies having knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph "55" and "56" of the Plaintiff's Complaint.

26.     Denies the allegations contained in paragraph "57", "58", "59" and "60" of the Plaintiff's Complaint.

27.     Denies having knowledge and/or information sufficient to form a belief as to the allegations contained in paragraphs "61" and "62" of the Plaintiff's Complaint.

28.     Denies the allegations contained in paragraphs "63" and "64" of the Plaintiff's Complaint.

<u>ANSWERING COUNT I</u>

29.     As to paragraph(s) "65", Defendant repeats and realleges each and every denial and/or admission as set in the responses to paragraphs "1" through "64" of the Plaintiff's Complaint.

30.     As to paragraphs "66", "67" and "68", Defendant denies that it has violated any law and/or has breached any contract and/or tortious behavior, puts Plaintiff to its

4

strictest burden of proof thereof, and refers all questions of law to the Court.

31.    As to paragraphs "69", "70" and "71", Defendant denies the allegations therein, denies it has violated any law and/or has breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

32.    Denies the allegations contained in paragraphs "72", "73", "74" and "75" of the Plaintiff's Complaint.

## ANSWERING COUNT II

33.    As to paragraph(s) "76", Defendant repeats and realleges each and every denial and/or admission as set in the responses to paragraphs "1" through "75" of the Plaintiff's Complaint.

34.    As to paragraphs "77" and "78", Defendant denies that it has violated any law and/or has breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

35.    Denies the allegations contained in paragraphs "79", "80", "81", "82" and "83" of the Plaintiff's Complaint.

## ANSWERING COUNT III

36.    As to paragraph(s) "84", Defendant repeats and realleges each and every denial and/or admission as set in the responses to paragraphs "1" through "83" of the Plaintiff's Complaint.

37.    Denies the allegations contained in paragraphs "85", "86", "87" and "88" of the Plaintiff's Complaint.

## ANSWERING COUNT IV

38.    As to paragraph(s) "89", Defendant repeats and realleges each and every denial and/or admission as set in the responses to paragraphs "1" through "88" of the

Plaintiff's Complaint.

39.    As to paragraphs "90", "91". "92" and "93" of the Plaintiff's Complaint, Defendant denies that it has violated any law and/or has breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

40.    Denies the allegations contained in paragraphs "94", "95", "96", "97" and "98" of the Plaintiff's Complaint.

ANSWERING COUNT V

41.    As to paragraph(s) "99", Defendant repeats and realleges each and every denial and/or admission as set in the responses to paragraphs "1" through "98" of the Plaintiff's Complaint.

42.    Denies the allegations contained in paragraphs "100", "101", "102", "103", "104", "105" and "106" of the Plaintiff's Complaint.

ANSWERING COUNT VI

43.    As to paragraphs "107" and "108" admits that Plaintiff voluntarily purchased a "theft deterrent protection", a non-obligatory product/service that Plaintiff reviewed, and denies the remaining allegations therein.

44.    Denies having knowledge and/or information sufficient to form a belief as to the allegations contained in paragraphs "109" of the Plaintiff's Complaint.

45.    Denies the allegations contained in paragraphs "110", "111", "112", "113", "114", "115", "116" and "117" of the Plaintiff's Complaint.

FIRST AFFIRMATIVE DEFENSE

46.    The Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

47.     Any violation of the law or damage suffered by Plaintiff, which Defendant denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any liability of Defendant.

## THIRD AFFIRMATIVE DEFENSE

48.     The claims arising out of the subject matter of the transactions and occurrences alleged are barred by an absence of legal responsibility on the part of Defendant.

## FOURTH AFFIRMATIVE DEFENSE

49.     Plaintiff has suffered no damage as a result of any acts or omissions of the Defendant.

## FIFTH AFFIRMATIVE DEFENSE

50.     The actions of the Defendant, as alleged in the Plaintiff's Complaint, were undertaken in good faith and justified by legitimate business motives, purposes and reason, with the absence of injury to the Plaintiff, and constituted lawful, proper and justified activities. Additionally, any violation of the law, which Defendant denies, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

## SIXTH AFFIRMATIVE DEFENSE

51.     Defendant hereby gives notice of its intentions to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserves the right to amend its Answer and to assert any such defense by appropriate motion or otherwise.

## SEVENTH AFFIRMATIVE DEFENSE

52.     Plaintiff has failed to mitigate its damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

53.    If any damages have been sustained by the Plaintiff, which Defendant herein denies, such damages were caused by the conduct of others and were not related to Defendant and Defendant is not responsible for any such damages.

## NINTH AFFIRMATIVE DEFENSE

54.    If any damages have been sustained by the Plaintiff, which Defendant herein denies, Plaintiff and/or third parties (not the Defendant) are legally responsible or otherwise at fault for the damages alleged in the Complaint.   Defendant therefore requests that in the event of a finding of any liability in favor of Plaintiff that an apportionment of fault be made among parties and third-parties other than the Defendant.

## TENTH AFFIRMATIVE DEFENSE

55.    Defendant further asserts, pleads and incorporates by reference, the affirmative defenses set forth in FRCP 8(c) and 12(b).

## ELEVENTH AFFIRMATIVE DEFENSE

56.    Defendant reserves the right to seek its reasonable attorneys' fees and costs in the event the Court deems Plaintiff's action was brought in bad faith and for the purpose of harassing Defendant.


**WHEREFORE**, NEW YORK MOTOR GROUP LLC and PLANET MOTOR CARS, INC. demands: (i) judgment dismissing the Plaintiff ANWAR ALKHATIB's Complaint in its entirety; (ii) from the Plaintiff ANWAR ALKHATIB, those costs and disbursements of this action and attorney fees incurred by NEW YORK MOTOR GROUP LLC and PLANET MOTOR CARS, INC. in defending this action; and, (iii) for such other relief as this may deem just and proper.

Dated:      New Hempstead, New York
            June 21, 2013

                    Yours, etc.

            By:_____
                    Bruce W. Minsky, Esq.
                    Law Offices of Bruce W. Minsky, P.C.
                    Attorneys for the Defendants NEW YORK MOTOR GROUP
                    LLC and PLANET MOTOR CARS, INC.
                    112 Brick Church Road
                    New Hempstead, New York 10977
                    Phone: (646) 234-7006


To:     Schlanger & Schlanger, LLP
        9 East 40th Street, Suite 1300
        New York, New York 10016

        United States District Court, Eastern District of New York *(For Filing Purposes)*

9

## CERTIFICATE OF SERVICE

On June 21, 2013, I caused the foregoing Answer to the Plaintiff's Complaint to be

filed via ECF and a copy served via regular mail upon the following party(ies):

> Schlanger & Schlanger, LLP
> 9 East 40th Street, Suite 1300
> New York, New York 10016

_____
                        Bruce W. Minsky

10

Bruce W. Minsky, Esq.
Law Offices of Bruce Minsky, P.C.
112 Brick Church Road
New Hempstead, New York 10977
Phone: (646) 234-7006
*Attorneys for the Defendants* NEW YORK MOTOR GROUP, LLC and PLANET MOTOR CARS, INC.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANWAR ALKHATIB,

      Plaintiff(s),      CASE NO.: 13-CIV-2337

   -against-        **DISCLOSURE STATEMENT
                   PURUSANT TO FRCP 7.1**

NEW YORK MOTOR GROUP LLC, CAPITAL
ONE AUTO FINANCE, INC. and PLANET MOTOR
CARS, INC.

      Defendant(s).
------------------------------------------------------------------X

   Pursuant to Federal Rules of Civil Procedure 7.1, Defendants NEW YORK MOTOR

GROUP LLC and PLANET MOTOR CARS, INC., by and through its attorneys, Law Offices

of Bruce W. Minsky, P.C., hereby discloses the following:

   There is no parent corporation or publicly held corporation that owns 10% or

more of its stock of the Defendant NEW YORK MOTOR GROUP LLC and PLANET

MOTOR CARS, INC.

Dated:  New Hempstead, New York
    June 21, 2013

       Yours, etc.

       By:_____
       Bruce W. Minsky, Esq.
       Law Offices of Bruce W. Minsky, P.C.
       Attorneys for the Defendants NEW YORK MOTOR GROUP
       LLC and PLANET MOTOR CARS, INC.
       112 Brick Church Road
       New Hempstead, New York 10977
       Phone: (646) 234-7006

11

To:   Schlanger & Schlanger, LLP
9 East 40th Street, Suite 1300
New York, New York 10016

United States District Court, Eastern District of New York *(For Filing Purposes)*